


PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD LEE SHAFFER, *et al.*, | ) | |
| | ) | CASE NO. 4:15CV0787 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO MASONIC ORDER, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 4, 5, and 6] |

*Pro Se* Plaintiff Richard Lee Shaffer (hereinafter "Plaintiff") filed this action against the Ohio Masonic Order, Springfield Regional Hospital, Wright Patterson Air Force Base Hospital, Youngstown Veterans Administration ("VA"), Dayton VA, Dayton Senior Care Facility, and Ohio Ombudsman Program. Loraine Sue Shaffer is also listed as a Plaintiff. The Complaint (ECF No. 1) is a narrative, with no legal claims nor a request for relief from the Court. Plaintiff acknowledges that the Complaint was filed "without all discoverable evidence."

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### I. Background

Plaintiff's pleading is difficult to comprehend. He indicates he is a retired veteran of the United States Air Force. Loraine Sue Shaffer married Plaintiff in 1967. ECF No. 1 at PageID #: 2. Plaintiff states retired military veterans must forfeit military retirement pay which is offset by VA awarded disability pay. He appears to claim he could not also collect a VA civil service

(4:15CV0787)

disability award. ECF No. 1 at PageID #: 5. Plaintiff indicates this case "involves 'the Masonic Order all up' as a Congressionally designated VA Service Office entity with representatives at the Hospital in Phoenix, AZ and the VA Hospital located in Cinn. Ohio." ECF No. 1 at PageID #: 16. He claims doctors at the Masonic Home were filing false medicare claims, not charting medical treatment, filing false police reports, and giving false information to the Dayton VA. Plaintiff also alleges they have a history of unethical practices. ECF No. 1 at PageID #: 16-18. He states the Clark County, Ohio Sheriff's Department handcuffed him and physically and mentally abused him with the assistance of the Springfield Regional Hospital. ECF No. 1 at PageID #: 18-19. Plaintiff attaches exhibits suggesting he was the subject of a Montgomery County, Ohio Probate Court action for forced medication due to mental illness. *See, e.g.*, ECF No. 1-2 at PageID #: 23.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis

(4:15CV0787)

when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

(4:15CV0787)

### III. Law and Analysis

#### A. *The Court's Jurisdiction*

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. See *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

(4:15CV0787)

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Youngstown, Ohio. All of the defendants are Ohio entities. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint (ECF No. 1), as written, suggests that Plaintiff and Defendants are all citizens of Ohio. Federal subject matter jurisdiction, therefore, cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the court looks only to the "well pleaded allegations of the complaint and ignore[s] potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (internal quotations omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, (2003)). Although the well-pleaded-complaint rule focuses on what plaintiff alleges, it allows the court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

5

(4:15CV0787)

Here, Plaintiff is proceeding *pro se* and *Pro Se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation . . . to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976)). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He, therefore, has not met the requirements of federal question jurisdiction.

**B**. *Plaintiff's Representation of Loraine Sue Shaffer*

The practice of law in Ohio is governed by Ohio Rev. Code § 4705.01 which provides, in pertinent part:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order to the supreme court in compliance with its prescribed and published rules. . . .

This statute effectively precludes individuals who are not members of the bar from acting as attorneys on behalf of others, except to represent themselves as a party. *See also Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23 (1934), paragraph one of the syllabus; *Akron Bar Assn. v. Frank*, 88 Ohio St.3d 152, 153 (2000) (Respondent's activities in filing pleadings on behalf of another person constitutes the practice of law by a person not admitted to the bar. Such conduct is prohibited by the laws of Ohio.).

It does not appear that Plaintiff is a licensed attorney. *See* The Supreme Court of Ohio Attorney Information Search

6

(4:15CV0787)

(http://www.sconet.state.oh.us/AttySvcs/AttyReg/Public_AttorneyInformation.asp) (last visited August 31, 2015). Pursuant to Section 4705.01, he may not represent others in legal proceedings in the state of Ohio. He may not, therefore, represent Loraine Sue Shaffer in the case at bar.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Plaintiff's pending motions to stay (ECF Nos. 4, 5, and 6) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
|  August 31, 2015 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |